ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION



FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAY 2 8 2010

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

TCB

| | |
|---|---|
| WELLS FARGO BANK,<br>NATIONAL ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD D. AARONSON,<br><br>Defendant. | CIVIL ACTION NO.<br>1:10-CV-1662 |

## COMPLAINT

Plaintiff Wells Fargo Bank, National Association, successor-in-interest by merger to Wachovia Bank, National Association ("Wells Fargo" or "Plaintiff") hereby files its Complaint against Richard D. Aaronson ("Aaronson" or "Defendant") to recover monies owed to Wells Fargo pursuant to two guaranties.

### The Parties

1.

Wells Fargo is a national banking association with its main office (as designated in its articles of association) being located in State of South Dakota and its principal place of business being located in the State of California.

2.

Aaronson is a resident of the State of Georgia who may be served with process at 555 Chestnut Rose LN NW, Atlanta, Georgia 30327-4883.

## Jurisdiction and Venue

3.

Subject Matter Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because Plaintiff is a citizen of South Dakota, Defendant is a citizen of Georgia and the amount in controversy exceeds $75,000.

4.

Personal Jurisdiction is proper in this Court because the Defendant is a resident of Georgia.

5.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the Defendant resides in this District.

## Factual Background

6.

Wells Fargo is a successor-in-interest by merger to Wachovia Bank, National Association.  All references to Wells Fargo throughout this Complaint

2

shall be read to mean Wells Fargo or Wachovia Bank, National Association as appropriate.

7.

Aaronson is an equity holder of Abbotts Bridge Land Partners, LLC ("Abbotts Bridge") and Medlock Bridge Realty Partners LLC ("Medlock Bridge") and a guarantor of their obligations to Wells Fargo.

8.

Abbotts Bridge is indebted to Wells Fargo pursuant to a Promissory Note dated December 29, 2006 in the original principal amount of $9,000,000 (the "Abbotts Bridge Note"). A true and correct copy of the Abbotts Bridge Note is attached hereto as **Exhibit A**.

9.

The obligations of Abbotts Bridge pursuant to the Abbotts Bridge Note and other related loan documents are guaranteed by Aaronson pursuant to that certain Unconditional Guaranty dated December 29, 2006, executed by Aaronson in favor of Wells Fargo (the "Abbotts Bridge Guaranty"). A true and correct copy of the Abbotts Bridge Guaranty is attached as **Exhibit B**.

3

10.

Medlock Bridge is indebted to Wells Fargo pursuant to a Promissory Note dated June 11, 2007 in the original principal amount of $11,285,000 (the "Medlock Bridge Note") (the Abbotts Bridge Note and the Medlock Bridge Note, collectively, the "Notes"). A true and correct copy of the Medlock Bridge Note is attached hereto as **Exhibit C**.

11.

The obligations of Medlock Bridge pursuant to the Medlock Bridge Note and other related loan documents are guaranteed by Aaronson pursuant to that certain Unconditional Guaranty dated June 11, 2007, executed by Aaronson in favor of Wells Fargo (the "Medlock Bridge Guaranty") (the Abbotts Bridge Guaranty and the Medlock Bridge Guaranty, collectively, the "Guaranties"). A true and correct copy of the Medlock Bridge Guaranty is attached as **Exhibit D**.

12.

The Guaranties provide, among other obligations, that Aaronson absolutely and unconditionally guarantees payment of all liabilities under any promissory notes between Wells Fargo and Abbotts Bridge and Medlock Bridge, respectively. Further, the Guaranties provide that the obligation and liability of Aaronson pursuant to the Guaranties are primary obligations that do not require recourse first

4

having been made against Abbotts Bridge or Medlock Bridge, respectively, or any property held as collateral.

13.

The Abbotts Bridge Note matured on December 29, 2008, and Abbotts Bridge failed to pay the then outstanding principal balance plus all accrued interest thereon, on or before such date.

14.

The Medlock Bridge Note matured on December 11, 2008, and Medlock Bridge failed to pay the then outstanding principal balance plus all accrued interest thereon, on or before such date.

15.

As a result of the defaults under the Notes, Aaronson's liability under the Guaranties was triggered.

16.

Through a letter dated May 6, 2010, Wells Fargo notified Aaronson that, among other things, defaults existed under the Abbotts Bridge Note and demand was thereby being made for payment in full of all outstanding indebtedness under the Abbotts Bridge Note (the "Abbotts Bridge Demand Letter"). A true and correct copy of the Abbotts Bridge Demand Letter is attached as **Exhibit E**.

5

17.

Further, through the Abbotts Bridge Demand Letter, Aaronson was notified that, pursuant to O.C.G.A. § 13-1-11, the failure to pay the amounts demanded therein within ten days of receipt of the Abbotts Bridge Demand Letter would cause Aaronson to also be liable for Wells Fargo's attorneys' fees and costs pursuant to the terms of the Abbotts Bridge Note and related loan documents.

18.

Through a separate letter dated May 6, 2010, Wells Fargo notified Aaronson that, among other things, defaults existed under the Medlock Bridge Note and demand was thereby being made for payment in full of all outstanding indebtedness under the Medlock Bridge Note (the "Medlock Bridge Demand Letter") (the Abbotts Bridge Demand Letter and the Medlock Bridge Demand Letter, collectively, the "Demand Letters"). A true and correct copy of the Medlock Bridge Demand Letter is attached as **Exhibit F**.

19.

Further, through the Medlock Bridge Demand Letter, Aaronson was notified that, pursuant to O.C.G.A. § 13-1-11, the failure to pay the amounts demanded therein within ten days of receipt of the Medlock Bridge Demand Letter would

6

cause Aaronson to also be liable for Wells Fargo's attorneys' fees and costs pursuant to the terms of the Medlock Bridge Note and related loan documents.

20.

Abbotts Bridge and Aaronson failed to pay the amounts owed under the Abbotts Bridge Note within ten days of their receipt of the Abbotts Bridge Demand Letter.

21.

Medlock Bridge and Aaronson failed to pay the amounts owed under the Medlock Bridge Note within ten days of their receipt of the Medlock Bridge Demand Letter.

22.

As of May 25, 2010, the outstanding principal balance due under the Abbotts Bridge Note was $4,580,225.93, the accrued and unpaid interest was $85,042.77 and late charges were $1,766.35, for a total (not including attorneys' fees) of $4,667,035.05 (such amount, plus any additional unpaid accrued interest or additional late charges, the "Abbotts Bridge Note Balance").

23.

As of May 25, 2010, the outstanding principal balance due under the Medlock Bridge Note was $10,698,825.96, the accrued and unpaid interest was

7

$195,317.78 and late charges were $2,191.44 for a total (not including attorneys' fees) of $10,896,335.18 (such amount, plus any additional unpaid accrued interest or additional late charges, the "Medlock Bridge Note Balance") (the Abbotts Bridge Note Balance and the Medlock Bridge Note Balance, collectively, the "Notes Balance").

## COUNT I.
### (Breach of Contract – Abbotts Bridge Guaranty)

24.

Wells Fargo restates and incorporates by reference the allegations contained in Paragraphs 1 through 23 above, just as though fully set forth herein.

25.

Pursuant to the Abbotts Bridge Guaranty, Aaronson has an obligation to pay all amounts owed under the Abbotts Bridge Note immediately upon demand.

26.

Through the Abbotts Bridge Demand Letter, Aaronson was notified of Abbotts Bridge's default under the Abbotts Bridge Note and related loan documents.

8

27.

Despite having been notified by Wells Fargo of the default under the Abbotts Bridge Note, Aaronson has failed to pay the Abbotts Bridge Note Balance, thereby breaching the Abbotts Bridge Guaranty.

28.

Aaronson's breach of the Abbotts Bridge Guaranty has caused damages to Wells Fargo the amount of the Abbotts Bridge Notes Balance.

29.

As a result of Aaronson's breach of the Abbotts Bridge Guaranty, Aaronson is liable to Wells Fargo for the Abbotts Bridge Notes Balance.

## COUNT II.
### (Breach of Contract – Medlock Bridge Guaranty)

30.

Wells Fargo restates and incorporates by reference the allegations contained in Paragraphs 1 through 29 above, just as though fully set forth herein.

31.

Pursuant to the Medlock Bridge Guaranty, Aaronson has an obligation to pay all amounts owed under the Medlock Bridge Note immediately upon demand.

9

32.

Through the Medlock Bridge Demand Letter, Aaronson was notified of Medlock Bridge's default under the Medlock Bridge Note and related loan documents.

33.

Despite having been notified by Wells Fargo of the default under the Medlock Bridge Note, Aaronson has failed to pay the Medlock Bridge Note Balance, thereby breaching the Medlock Bridge Guaranty.

34.

Aaronson's breach of the Medlock Bridge Guaranty has caused damages to Wells Fargo the amount of the Medlock Bridge Notes Balance.

35.

As a result of Aaronson's breach of the Medlock Bridge Guaranty, Aaronson is liable to Wells Fargo for the Medlock Bridge Notes Balance.

## COUNT III.
### (Attorneys' Fees)
### (O.C.G.A. § 13-1-11)

36.

Wells Fargo restates and incorporates by reference the allegations contained in Paragraphs 1 through 35 above, just as though fully set forth herein.

10

37.

Pursuant to the Guaranties, Aaronson is liable to Wells Fargo for attorneys' fees and costs in connection with the enforcement of the Guaranties.

38.

Because Aaronson has failed to pay the amounts owed under the Notes, Wells Fargo has had to incur significant attorneys' fees and costs in trying to collect the Notes Balance.

39.

Through the Demand Letters, Aaronson was provided with notice that he would be liable for reasonable attorneys' fees incurred by Wells Fargo in the event that all amounts demanded therein were not paid within ten days of receipt of the Demand Letters.

40.

The amounts owed under the Notes were not paid within ten days of Aaronson's receipt of the Demand Letters.

41.

Accordingly, pursuant to the Notes, Guaranties and related loan documents and O.C.G.A. § 13-1-11, Aaronson is liable for attorneys' fees and costs in an amount equal to 15 percent of the first $500 of principal and interest owed under the Abbotts Bridge Note and 10% of such principal and interest owed in excess of $500 due under the Abbotts Bridge Note, as well as 15 percent of the first $500 of principal and interest owed under the Medlock Bridge Note and 10% of such principal and interest owed in excess of $500 due under the Medlock Bridge Note.

**COUNT IV.**
**(Attorneys' Fees)**
**(O.C.G.A. § 13-6-11)**

42.

Wells Fargo restates and incorporates by reference the allegations contained in Paragraphs 1 through 41 above, just as though fully set forth herein.

43.

Aaronson has been stubbornly litigious and has caused Wells Fargo unnecessary trouble and expense in collecting the amounts sought through this Complaint.

12

44.

Thus, pursuant to O.C.G.A. § 13-6-11, Aaronson is liable for the reasonable attorneys' fees and costs incurred by Wells Fargo in bringing this action.

WHEREFORE, Wells Fargo respectfully requests the following relief:

(1)  that the Court enter judgment in favor of Wells Fargo and against Aaronson on all causes of action in this Complaint;

(2)  that the Court enter judgment in favor of Wells Fargo and against Aaronson for the Notes Balance;

(3)  that, pursuant to O.C.G.A. § 13-1-11, the Court enter judgment in favor of Wells Fargo and against Aaronson for attorneys' fees and costs in the amount of 15 percent of the first $500 of principal and interest owed under the Abbotts Bridge Note and 10% of such principal and interest owed in excess of $500 due under the Abbotts Bridge Note, and 15 percent of the first $500 of principal and interest owed under the Medlock Bridge Note and 10% of such principal and interest owed in excess of $500 due under the Medlock Bridge Note;

(4)  that the Court find that Aaronson has been stubbornly litigious and that, pursuant to O.C.G.A. § 13-6-11, the Court enter judgment in favor of Wells Fargo and against Aaronson for reasonable attorneys' fees and costs associated with the

collection of the Notes Balance, including without limitation the attorneys' fees and costs associated with the preparation and prosecution of this lawsuit;

(5)  that the Court tax all costs of this action against Aaronson; and

(6)  that the Court grant Wells Fargo such other and further relief as it deems just and proper.

Respectfully submitted this 28th day of May, 2010.

MCGUIREWOODS LLP

Thomas R. Walker
Georgia Bar No. 732755
C. Jordan Myers
Georgia Bar No. 201008
The Proscenium
1170 Peachtree Street N.E.
Suite 2100
Atlanta, Georgia 30309
Telephone: (404) 443-5500
Telecopier: (404) 443-5599
trwalker@mcguirewoods.com

*Counsel for the Plaintiff*

\11319287.3